FILED
CLERK, U.S. DISTRICT COURT

SEP 1 0 2025

CENTRAL DISTRICT OF CALIFORNIA
BY ___AF___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  25-MJ-5520 |
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| ASHLEIGH BROWN, | |
| Defendant. | |

I.

On September 10, 2025, Defendant Ashleigh Brown made her initial appearance on the criminal complaint filed in this case. Deputy Federal Public Defender Erica Choi was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Matthew Tako. A detention hearing was held.

☐  On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒  On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered the report and recommendation prepared by United States Probation and Pretrial Services.

### IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Defendant's lack of compliance with pre-trial release conditions imposed in a pending matter (25-MJ-4835) on August 5, 2025, which required Defendant to, *inter alia*, stay 100 yards away from the Roybal Federal Courthouse and any federal law enforcement agents.

☒ Similarity in offense conduct charged and the pending matter on which she was granted pre-trial release

☒ history of substance use and mental health history.

As to danger to the community:

☒ non-compliance with conditions of pretrial release in pending unrelated case, and similarity of conduct alleged in the pending case (assault on federal officer) and the criminal complaint filed on September 5, 2025 (conspiracy to publicly disclose the personal information of a federal agent)

### V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal

for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: September 10, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE